IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CAROLYN KEY ) | |
| 7724 Fishing Creek Way ) | |
| Clinton, Maryland 20735 ) | |
|     Plaintiff ) | |
| ) | Civil Action No. |
|     vs. ) | |
| ) | |
| SOVEREIGN BANK ) | |
| 1130 Berkshire Boulevard ) | JURY TRIAL DEMANDED |
| Wyomissing, Pennsylvania 19610 ) | |
|     Defendant ) | |

## COMPLAINT

Plaintiff, Carolyn Key, by and through her counsel, Sonya A. Smith-Valentine, Esq. and Valentine Legal Group, LLC, brings this action against Defendant, Sovereign Bank, on the grounds set forth herein:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. (hereinafter "FCRA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, §14-201, *et seq*. (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann, Com. Law §13-101 *et seq.*

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681 and 28 U.S.C. §1331, and pursuant to 28 U.S.C. §1367. Venue in this District is proper in that Sovereign Bank transacts business here and the conduct complained of occurred here.

### PARTIES

1

3. Plaintiff is a natural person residing in the State of Maryland and is a "consumer" as that term is defined by the FCRA and is a "person" as that term is defined by the MCDCA and the Maryland Consumer Protection Act

4. Defendant is a foreign bank, headquartered in Pennsylvania, engaged in business of lending money to consumers in this state.

5. Defendant is a "collector" as that term is defined by the MCDCA.

6. Defendant provides information to credit reporting agencies about consumers related to the debts Defendant is attempting to collect from those consumers and is a "furnisher of information" as that term is defined by the FCRA.

**FACTUAL ALLEGATIONS**

7. In 2004, Plaintiff obtained a mortgage for her home with Sovereign Bank.

8. Plaintiff's mortgage was a consumer debt and a consumer transaction as it had been obtained primarily for personal, family, or household purposes.

9. Plaintiff often paid her monthly mortgage payments to Sovereign Bank with a check by telephone. Plaintiff would provide her checking account information and check number to Sovereign Bank over the telephone and Sovereign Bank would process Plaintiff's payment electronically.

10. On December 15, 2005, Plaintiff paid her monthly mortgage payment to Sovereign Bank with a check by telephone. Plaintiff had paid her mortgage by telephone in the past without problem.

11. On approximately December 20, 2005, Plaintiff refinanced her Sovereign Bank mortgage with Fidelity & Trust Mortgage.

12. Starting in January 2006, Plaintiff began receiving bills from Sovereign Bank

indicating that Plaintiff still owed Sovereign Bank.

13. Plaintiff contacted Sovereign Bank and was informed that her December 15th check by telephone had allegedly bounced and was returned by her bank.

14. Plaintiff contacted her bank (SunTrust) and was informed that Sovereign Bank did not present any check for payment from her account.

15. In February 2006, Plaintiff sent Sovereign Bank a letter requesting assistance in resolving the dispute about her December 15th mortgage payment.

16. In March 2006, Plaintiff made her December mortgage payment again to Sovereign Bank. This payment cleared her bank account on approximately March 3rd.

17. Plaintiff continued to contact Sovereign Bank regarding the mortgage payment she made on December 15th.

18. Sovereign Bank requested Plaintiff's SunTrust account statements showing that the December 15th payment has not been returned by SunTrust bank. Plaintiff provided her bank account statements to Sovereign Bank.

19. After reviewing Plaintiff's bank account records, Sovereign Bank informed Plaintiff that the information she provided was not enough proof that her check did not bounce.

20. During this time, Plaintiff also received numerous harassing and abusive telephone calls from Sovereign Bank at home and at work demanding payment.

21. Plaintiff kept contacting various departments at Sovereign Bank in an effort to resolve the dispute regarding her December 15th mortgage payment but was unsuccessful in getting Sovereign Bank to resolve the problem.

22. In June 2006, Sovereign Bank again requested Plaintiff's bank records to determine if Plaintiff's December 15th mortgage payment had been returned by her bank. Plaintiff provided

the documentation to Sovereign Bank again.

23.  Plaintiff continued to receive harassing and abusive collection calls from Sovereign Bank regarding her December 15th mortgage payment, including, but not limited to, one Sovereign Bank employee telling Plaintiff that she just needed to pay Sovereign their f***ing money.

24.  In September 2006, Plaintiff received correspondence from Sovereign Bank indicating that the Certificate of Satisfaction for her mortgage had been filed in the county records.  Based upon the correspondence, Plaintiff believed that the problem had been resolved.

25.  Some time later, Plaintiff obtained copies of her credit reports from the credit bureaus.

26.  Sovereign Bank had reported to the credit bureaus that Plaintiff had a past due balance and that the past due balance had been charged off.

27.  Sovereign Bank inaccurately reported that the balance was more than 3 months past due since August 2006 and more than 6 months past due since November 2006.

28.  Plaintiff began attempting to get Sovereign Bank to correct its erroneous credit reporting regarding her mortgage.

29.  Plaintiff contacted Sovereign Bank to inform the bank that it was incorrectly reporting that Plaintiff had been late on her mortgage payment and that her account had been charged off.

30.  Plaintiff also disputed the inaccurate information with the credit bureaus.

31. Upon information and belief, when Sovereign Bank was contacted by the credit bureaus regarding Plaintiff's disputes, Sovereign Bank informed the credit bureaus that the bank believed the information was correct as previously reported and to leave the information as

reported on Plaintiff's credit reports.

32. Eventually, in June 2008, Plaintiff was informed by Sovereign Bank that the bank had made an error with Plaintiff's checking account information during her December 15, 2005 payment by telephone. The error by Sovereign Bank caused the payment to be processed incorrectly and her credit report to incur negative credit marks.

33. As a result of the acts and omissions of Sovereign Bank, Plaintiff has suffered actual damages, including but not limited to, credit problems, decrease in her credit score, the loss of the ability to benefit from credit, severe stress, mental anguish and humiliation.

## CLAIMS FOR RELIEF

## COUNT I.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

34. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

35. The foregoing acts and omissions of Sovereign Bank constitute violations the FCRA, including, but not limited to, 15 U.S.C. §1681s-2(b).

36. As a result, the Plaintiff suffered damage by decrease in credit score, loss of the ability to benefit from credit, the mental and emotional pain and anguish, humiliation and embarrassment.

37. Sovereign Bank's conduct was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

38. The Plaintiff is entitled to recover costs and attorney's fees from Sovereign Bank pursuant to 15 U.S.C. §1681n or §1681o.

## COUNT II.

### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT

39. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

40. The foregoing acts and omissions of Sovereign Bank constitute violations the MCDCA, including, but not limited to, Md. Code Ann. Com. Law. §14-202(3), Md. Code Ann. Com. Law. §14-202(6) and Md. Code Ann. Com. Law. §14-202(8).

41. As a result of Sovereign Bank's violations of the MCDCA, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to Md. Code Ann. Com. Law. §14-203 from Sovereign Bank.

## COUNT III.

### VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT

42. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

43. The foregoing acts and omissions of Sovereign Bank constitute a violation the Maryland Consumer Protection Act, Md. Code Ann. Com. Law. §13-301 et seq., as a violation of the MCDCA is also a violation of the Maryland Consumer Protection Act as an unfair and deceptive trade practice.

44. As a result of Sovereign Bank's violation of the Maryland Consumer Protection Act, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to Md. Code Ann. Com. Law. §13-408 from Sovereign Bank and reasonable attorney's fees and costs pursuant to Md. Code Ann. Com. Law. §13-408 from Sovereign Bank.

WHEREFORE, Plaintiff demands judgment for actual damages, statutory damages, and punitive damages against Sovereign Bank; for her attorneys fees and costs; and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,

*Sonya Smith-Valentine*

Sonya A. Smith-Valentine, Esq.
Bar No. 27079
Valentine Legal Group, LLC
7319 Hanover Parkway, Suite C
Greenbelt, MD 20770
Tel:  (301) 513-9500
Fax:  (866) 301-9155
Attorney for Plaintiff